UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DR. S.C. and MS. S.C.,** on behalf of themselves and their minor child **S.C.**,<br><br>*Plaintiffs*,<br>-against-<br><br>**CITY OF NEW YORK; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES; V. BYERS,** in his individual and official capacities**; MICHAEL SHANNON,** in his individual and official capacities**; MARY ADEMOLA, LMSW,** in her individual and official capacities**; AMANDA KING, LMSW,** in her individual and official capacities**; and JOHN/JANE DOES 3–10, i**n their individual and official capacities**.<br><br>*Defendants*. | Case No.: _____<br><br>MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM |

**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiffs Dr. S.C. and Ms. S.C., proceeding pro se, respectfully move this Court for an Order permitting them and their minor child to proceed in this matter using pseudonyms. In support of this motion, Plaintiffs state as follows:

1. This action arises from constitutional violations committed against Plaintiffs and their minor child following the tragic death of their infant son. The case involves deeply

        sensitive matters including the sudden death of an infant, a warrantless strip search of a three-year-old child, and the psychological trauma experienced by a grieving family.

2. Plaintiffs seek leave to proceed under pseudonyms to protect their privacy and the privacy of their minor child, who has already experienced significant trauma. Courts routinely permit parties to proceed pseudonymously in cases involving similar sensitive circumstances, particularly those concerning children. See *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008).

3. The Second Circuit has established a balancing test for pseudonymous litigation, which weighs: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) whether identification poses a risk of retaliatory harm; (3) whether identification would cause the injury litigated against to occur; (4) whether the plaintiff is particularly vulnerable; and (5) whether the suit challenges government activity. *Id.* at 189-90.

4. This case satisfies multiple factors of the Second Circuit's test: a. **Highly Sensitive and Personal Matters**: This case involves the sudden infant death of Plaintiffs' child, psychological trauma to their surviving three-year-old son, and a nonconsensual strip search of a minor. These intensely personal matters warrant privacy protection. b. **Risk of Retaliatory Harm**: Plaintiffs have already experienced what they contend is retaliatory conduct by government officials. Public disclosure of their identities could subject them

to further official harassment and unwanted public attention. c. **Particular Vulnerability**: The case involves a three-year-old child who is particularly vulnerable and has already suffered significant trauma. The child's psychological well-being could be further harmed by public exposure. d. **Challenge to Government Activity**: This lawsuit directly challenges governmental conduct, a factor that weighs in favor of permitting pseudonymous proceedings.

5. Courts in this District have permitted parties to proceed pseudonymously in comparable circumstances. See, e.g., *Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) (permitting use of pseudonyms in case involving sensitive personal information); *Doe v. Colgate University*, No. 5:15-cv-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (permitting pseudonymous litigation where public disclosure would cause further harm).

6. The public interest will not be significantly harmed by allowing pseudonymous litigation in this case. The public will maintain access to the substance of the litigation, including the constitutional claims and the Court's decisions. Only the specific identities of the family will be protected.

7. Pseudonymous litigation in this case serves the public interest by permitting Plaintiffs to bring important constitutional claims that they might otherwise be deterred from pursuing if required to publicly disclose their identities.

8. Defendants will not be prejudiced by Plaintiffs' use of pseudonyms. Defendants already know Plaintiffs' identities from the underlying events, and Plaintiffs will provide their identities to Defendants and the Court under seal.

9. A proposed order is attached for the Court's consideration.

WHEREFORE, Plaintiffs respectfully request that this Court grant this Motion for Leave to Proceed Under Pseudonym and enter the attached proposed order.

Respectfully submitted,

Dated: San Juan, Puerto Rico

April 23, 2025

/s/ Dr. S.C.

Dr. S.C.

Plaintiff Pro Se

Address: [Filed Under Seal]

Telephone: [Redacted]

Email: [Redacted]

/s/ Ms. S.C.

Ms. S.C.

Plaintiff Pro Se

Address: [Filed Under Seal]

Telephone: [Redacted]

Email: [Redacted]